## CROUCH *vs.* PARKER.

A lease of a saw mill contained a stipulation that the lessor, in case of a sale of the property, might at any time terminate the lease, by notice; and that the lessee should have two months' notice to "saw out," and then, if any logs remained over, he should either have the privilege to continue in possession (at the lessor's option) at the same rate of rent, till the logs "on hand" were sawed, or should be allowed the extra cost of teaming said logs to another mill and of getting them sawed there. *Held* that the lessor having subsequently sold the mill, and demanded possession thereof, he thereby determined his election, under the agreement, to pay for removing the logs left over, and getting them sawed at another mill.

*Held, also,* that the stipulation must be held to include all logs which the lessee had procured for the purpose of manufacturing at that mill, whether they were lying in the mill yard, or in the basin where logs for that purpose were usually kept, or were in course of transportation to said yard or basin; provided they had been procured before the giving of the notice, in the usual course of business of the lessee, and belonged to him, and were in the mill yard or the basin, at the expiration of the two months.

And that the lessee was entitled to recover of the lessor the expense of removing the logs so left over, and of sawing them elsewhere, without waiting until such expense had been actually incurred by him.

*Held, further,* that the lessee might maintain his action, and recover the entire difference between the cost of manufacturing the logs on the demised premises, and of getting them removed and sawed elsewhere; even though he had taken another person into partnership in the business and the logs had become partnership property, before making a new contract for their manufacture, and such new contract was made in the name of the partnership; it not appearing that the claim of the lessee for damages had been assigned.

ACTION to recover damages for breach of an agreement contained in a lease. On the 8th of July, 1858, the defendant leased to the plaintiff the "Jones saw mill," in Rochester, and two lots of land adjoining, for the term of three years; but by a memorandum indorsed upon the lease, and by reference made a part thereof, it was agreed that the lessor might, upon a sale of the property, terminate the lease by notice thereof to the lessee; but the latter should have two months' notice to "saw out," of water time, and then, if any logs remained over, he should either have the privilege to continue in possession (at the option of the

Crouch *v.* Parker.

lessor) at the same rate of rent till the logs on hand were sawed, or should be allowed the extra expense of teaming said logs to another mill, and the extra expense incurred of sawing said logs at another mill.   On the 15th day of August, 1860, the defendant sold the mill and premises described in the lease, and thereby terminated the lease, as therein provided, of which sale he gave the plaintiff notice. The plaintiff remained in possession of the mill during two months thereafter.   He ran the mill to its fullest capacity, "but during the two months cut sixty thousand feet of logs which he purchased after notice was given, to enable him to supply orders during that time for varieties of lumber not contained in his assortment at the time he received the notice."   Notwithstanding this, at the end of the two months he had cut up all the logs which were in the mill yard, but had others, amounting to 225,000 feet, in two basins, which had been purchased before notice was given, but had not then arrived, and the extra cost of sawing which would amount to $509.38.   The action was brought to recover that sum.   It was proved that after the purchase of the logs the plaintiff transferred to his brother Charles an interest in the logs on hand, and in the lumber business, and that on and after October 19, 1860, it was conducted in the name of George W. Crouch & Brother.   The defendant moved for a nonsuit, which was denied.   Evidence was given upon the question of damages.   The court charged the jury that the provision in the memorandum on the back of the lease, in respect to "logs lying over" and "logs on land," after the expiration of the two months from the date of the notice, must be held to include all logs which the plaintiff had procured for the purpose of manufacturing at that mill, whether they were lying in the mill yard or in the basin where logs for that purpose were usually kept, or were in course of transportation to said yard or basin, or were lying elsewhere, ready for transportation, provided they had been procured before the giving of the notice, in the usual course

of business, and belonged to the plaintiff and were in the mill yard or the basin, at the expiration of such two months. That the plaintiff was entitled to recover the entire difference between the actual and the necessary cost to him of manufacturing the logs at the Falls mill and procuring them to be manufactured elsewhere; and that such cost was deemed to have been incurred by the plaintiff, within the intent and meaning of the stipulation, provided the logs were actually manufactured under such contract, afterwards. That the plaintiff might maintain his action, and recover the entire difference, even though he had taken another person into partnership in the business, and the logs had become partnership property before the new contract for their manufacture had been made, and such new contract was made in the name of the partnership. The defendant excepted separately to each portion of the above charge. The jury found a verdict for the plaintiff for $509.38, and the court ordered the exceptions to be heard in the first instance at a general term; and that judgment be in the meantime suspended.

*George F. Danforth,* for the defendant.

*William F. Cogswell,* for the plaintiff.

*By the Court,* WELLES, J. The motion for a nonsuit was properly denied. No grounds for the motion were stated, and enough appeared to require that the cause be submitted to the jury. The fact that after the plaintiff's cause of action had accrued he transferred an interest in the logs on hand to his brother did not give to the latter any interest in the cause of action. The defendant's contract for a breach of which the action was brought, was made with the plaintiff, and no part of the plaintiff's claim for damages for such breach appears to have been assigned. Besides, the objection is not set up in the answer, and nowhere appears in the pleadings. (*Code*, §§ 144, 147, 148.)

Crouch *v.* Parker.

The plaintiff testified that at the expiration of the two months mentioned in the agreement indorsed on the lease, he had two basins filled with logs amounting to 225,000 feet. These, I infer from the plaintiff's evidence, were purchased the winter before and paid for by the plaintiff. They were therefore *on hand* at the expiration of the two months and when the plaintiff gave up possession of the mill on the defendant's demand. By demanding the possession, the defendant determined his election under the agreement, to pay for removing the logs and getting them sawed at another mill.

On this state of facts I think the plaintiff would be liable to pay what the expense would be of removing and sawing the 225,000 feet of logs, deducting the 60,000 sawed within the two months which were purchased after the notice. And the plaintiff would not be bound to wait until such expense should be actually incurred by him. I think the charge of the judge was in all respects correct.

We cannot, on a bill of exceptions, review the evidence at the general term, to see whether the damages are excessive. And if it were competent for us to do so, we could not, for the reason that the case does not profess to contain the evidence on the question of damages. A new trial should therefore be denied, and judgment for the plaintiff on the verdict should be entered.

Ordered accordingly.

[MONROE GENERAL TERM, September 7, 1863. *Johnson, J. C. Smith* and *Welles,* Justices.]