## CHRISTIAN BRAND, APPELLANT, *v.* HIRAM FOCHT AND ANOTHER, RESPONDENTS.

*Statute of Frauds—Delivery by Bill of Lading valid when.*

A parol contract for the sale of one hundred and seventy-two tons of coal at six dollars per ton, where there was no performance in the whole or in part by either party, does not vest the purchaser by parol with any title thereto. To constitute a symbolical delivery of the coal, by a delivery of the bill of lading, it must have been the mutual intention of the parties that such symbolical delivery was to be made. The obtaining, by the vendee, of the bill of lading for any other purpose, or upon any other conditions, is of no avail as a symbolical delivery.

*B. F. Kissam* for Appellant.
*D. Hawley* for Respondent.

DAVIES, CH.J.—The complaint avers that the Plaintiff was the owner of 172 tons of coal, laden on board the barge Ocean Queen; that the Defendants became possessed of the same, and detained it from the Plaintiff, wherefore Plaintiff demanded that the Defendants should deliver the same to him or pay him the value thereof. The Defendants denied all the allegations of the complaint, and set up that the property in question belonged to two other persons named. On the trial it appeared that in March, 1863, the Plaintiff, who was a coal dealer, purchased of the Defendants, also dealers in coal, a boat-load of coal, and the price agreed on was $6 a ton. "It was to be delivered in from twelve days to two weeks—within two weeks." The coal did not arrive in the city of New York until the 8th May. The Defendants then proposed to sell the coal to the Plaintiff at $6.50 per ton, and made out a bill therefor, amounting to $774, and annexed it to the bill of lading for the coal, and sent the same by their clerk to the Plaintiff, telling him he could have the coal at that price. Plaintiff refused to receive and take it at that price, insisting that he had purchased it at $6 a ton. He then detached the bill of lading from the bill rendered, and returned to the clerk the latter,

but retained the bill of lading.    The clerk demanded it from him, but he refused to deliver it, insisting that the bill of lading was his.    The clerk then told him he could not have the coal.    The Plaintiff then commenced this action.

This case presents no serious difficulty.    The case of Shindler *v.* Houston (1 Coms. 261) is quite decisive.    In this case, as in that, the contract of sale not being in writing, and as no part of the purchase money was paid by the vendee, the contract was void by the Statute of Frauds (2 R. S. 136, § 3, sub. 3), unless the buyer "accepted and received" the whole or a part of the property. In the present case it is not asserted that any part of the purchase-money was paid, or that there was any delivery of the property in whole or in part, except the alleged symbolical delivery evidenced by the bill of lading, which the Plaintiff got into his possession. A delivery of the property, to satisfy the requirements of the statute, must be a delivery by the vendor, with the intention of vesting the right of possession in the vendee, and there must be an actual acceptance by the latter, with the intent of taking possession as owner; and this rule can only be satisfied by something done subsequent to the sale, unequivocally indicating the mutual intentions of the parties (Shindler *v.* Houston, supra).    Now, it is quite clear that these vendors never did, and never intended to, make any delivery of the coal, in whole or in part, to this Plaintiff, upon the contract of sale which he sets up.    And it is equally clear that they never delivered the bill of lading with any intent to complete and perfect the sale.    Nay, it is very manifest that they never intended to part with the bill of lading, except upon the condition and understanding that the Plaintiff would purchase the cargo of coal therein mentioned at the rate of $6.50 a ton. This he peremptorily declined to do, and detained the bill of lading, against the remonstrance of the Defendants' agent.    He clearly had no right so to detain it; and now setting it up as evidence of the delivery of the coal under the contract of sale made in March is a fraud upon the Defendants.    They never delivered it to the Plaintiff with any such intent or for any such purpose, and it cannot now be permitted to the Plaintiff that he should

avail himself of this bill of lading, thus improperly retained by him, to make a title in himself to this coal.

The contract of sale not being in writing, as no part of the purchase-money was paid, and as there was no delivery in whole or in part of the property purchased, and no symbolical delivery, it follows that the Plaintiff was never vested with the title to this coal. He never had possession of it, actual or constructive; he was not the owner, and cannot, therefore, maintain this action. On the contrary, the evidence conclusively established that the Plaintiff was not the owner of the cargo of coal in controversy, and that he was not entitled to the possession thereof. He never acquired any title thereto. This difficulty is fundamental with the Plaintiff's right of recovery, and it therefore becomes unnecessary to examine the other question suggested.

The nonsuit was properly granted, and the judgment should be affirmed.

All concur.