*161 An opinion was delivered on the motion for a new trial by the judge before whom it was tried, which was as follows:
Monell, Ch. J.
At the close of the plaintiffs’ evidence, the defendant moved to dismiss the complaint, on the ground that the contract not being in writing, and being for the sale of property exceeding fifty dollars in value, was void.
But the plaintiffs claimed, that the evidence showed a sufficient delivery and acceptance of the property, to take the case out of the statute.
The Court held the contract to be void under the statute, upon the broad ground that the proof of acceptance was not sufficient.
It was assumed, however, that there was enough proof of a delivery at McDonnell’s stable, the place of delivery designated by the defendant, and that the evidence in regard to the fitting of a pole to the wagon, was so far a separate matter as not to affect the question; and it was, therefore, further assumed, that the evidence established a completed sale, accompanied by an actual delivery at the place designated by the purchaser. But as, in the opinion of the Court, there was not sufficient evidence of an acceptance of the property by the defendant, the complaint was dismissed.
I am now satisfied that I was in error in the view I took of the question at the trial.
It was a completed sale. The parties had agreed upon all the terms of the sale, and nothing remained but to send the property to the place designated by the defendant.
Except for the question arising under the statute of frauds, the title to the property passed to the defendant, and it was at his risk (Bradley v. Wheeler, 4 Robt. 18; S. C., 44 N. Y. 495).
The sale was completed and the property was deliv *162 ered, and in legal effect, a delivery at the place designated was a delivery to the defendant in person.
It is stated, generally (Story on Sales, § 276), that so long as the contract of sale is, by its terms, subject to avoidance by either party ; or so long as either party has a claim upon the goods, as against the other; or, the purchaser may object to the quality or quantity, &c., the mere delivery will not make the acceptance complete. But where none of them exist, and the sale is completed, and the subject-matter has come into the absolute possession of the purchaser, or of some person authorized finally to receive it from him, the acceptance is final, complete, and irrevocable.
In Outwater v. Dodge (6 Wend. 397), the Court say, it is not indispensable that there should be in all cases an actual manual delivery and acceptance. A virtual delivery and acceptance may, in some instances, be equally effectual, and the acceptance need not be by the vendee in person; it may be by his agent, acting under a general or special authority.
When the defendant, upon inspection of the article, agreed to the price, and said he would take it, it was an acceptance then and there, and as much so, as if he had then manually removed the property. The subsequent delivery to the agent of the defendant, was no necessary part of the sale, and did not affect the previous acceptance of the property.
In Cross v. O’Donnell (44 N. Y. 661), the Court say, there is nothing in the statute which requires that the acceptance and receiving shall be at the same time. Either may precede the other; and after both have concurred, the contract becomes valid. In Caulkins v. Hellman (47 N. Y. 449), it is said to be a sufficient acceptance, where the purchaser has inspected the goods purchased, and directed the goods to be delivered to a designated carrier. That was this case.
The cases of Brand v. Fotch (3 Keyes, 409), and *163 Stone v. Browning (51 N. Y. 211), are distinguishable. In the former it was found to be clear that the vendors never did and never intended to make any delivery of the property in whole or in part. And it was held in that case that a mere symbolical delivery, &c., i. e., oí a bill of lading, was not enough to show au acceptance. And in the latter case the purchaser, by the terms of the contract, was allowed a week for examination of the property after delivery. The Court held it was a question for the jury whether there had in fact been an acceptance.
In either view, therefore, of an acceptance by the authorized agent of the defendant, or of an acceptance by himself, when the purchase was completed, there was enough shown to take the contract out of the operation of the statute, and it was error to dismiss the complaint on that ground.
The verdict must be set aside, and a new trial ordered, with costs to the plaintiffs to abide the event.
Starr & Ruggles, for plaintiffs and respondents.
De Witt C. Brown, for defendant and appellant.
By the Court.—Speir, J.
The motion to dismiss the complaint was put upon the ground that the contract was void under the statute of frauds, there being no proof that the defendant had accepted the wagon, and that there was no proof of delivery.
The learned judge in his opinion for granting a new trial assumes that the parties had agreed upon the terms of sale, and nothing remained but to deliver the property.
Conceding that this was the agreement in respect to the wagon, I think it can hardly be said from the evidence in the case, that the jury would be warranted in finding that the defendant agreed to accept the wagon *164 as it was, with shafts for one horse, and pay the four hundred and seventy-five dollars.
It appears the defendant wished a pole for the wagon for two horses, and asked the price of a pole, and the plaintiffs asked forty dollars. One of the plaintiffs, after having testified that he sold the wagon to the defendant at four hundred and seventy-five dollars, and delivered it, pursuant to the defendant’s directions, at McDonnell’s stable, on cross-examination further testified:
“ Q. What did he (defendant) say about it?
“ A. He refused to give that for a wagon-pole.
“ Q. Refused to pay forty dollars ?
“ A. Yes, sir.
“ Q. What did he say about that ?
“A. He said he had a pole, that he had several poles, and designated one especially that he wanted us to fit to this wagon. I told him if it was possible for us to do so without going to very great expense, in fact making almost a new pole, we would do so.
“Q. For the four hundred and seventy-five dollars ?
“ A. Yes; without extra expense, so far as the pole was concerned.
“ Q. Did he give you an order, or tell yon where to get it.
“A. He told us where to get it. We sent and got it to see if it could be made to fit this wagon without going to too great an expense, and if so, we agreed to do it.”
The plaintiffs decided it could not be fitted to the wagon. The above took place after the price of the wagon had been agreed upon by the parties. The defendant was not consulted in relation to the plaintiffs’ decision in not attaching the pole, nor does it appear he had notice of it, nor that he consented to accept the wagon without the change.
The above statement and testimony fairly presents *165 all the facts in the case which bear upon the question to be determined. Was there such a receipt and acceptance of the wagon by the vendee as to pass the title, or make the vendee liable for the price %
It is to be observed that the contract is oral, no part of the price was paid by the vendee, and I think the learned judge applied to this case the rule as to delivery, which would be applicable to a valid written contract of sale, which can not apply to a contract void by the statute of frauds. In the case of a sale in writing, a delivery pursuant to the contract at the place agreed upon for delivery of the goods, in conformity with the terms of the contract, will pass the title to the vendee without any receipt or acceptance of the goods by him. By the statute of frauds there must not only be a delivery of goods by the vendor, but a receipt and acceptance of them by the vendee to pass the title, and this acceptance must be voluntary and unconditional (Rapallo, J., Caulkings v. Hellman, 47 N. Y. 449).
The plaintiffs undertook to prepare the pole to the wagon, if it could be done without too much expense ; obtained the defendant’s pole for that purpose; and, without consultation with him, made, as they say, the delivery. No acceptance by the defendant is shown to have taken place—at least no voluntary or unconditional acceptance. It is agreed to all the cases, in order to supply the place of a written contract, some act is required on the part of the vendee or his agent, manifesting an intention to accept the goods as a performance oí the contract. It is difficult to see how the defendant can be said to have accepted the wagon which he had not seen or inspected after the plaintiffs had undertaken a conditional alteration, the result of which was absolutely unknown to the defendant.
The case of Cross v. O’Donnell (44 N. Y. 661), is relied on as an authority for the proposition that a delivery to a designated carrier is sufficient to take the *166 case out of the statute. It holds only that the receipt and acceptance need not be simultaneous, but- that they may take place at different times. Either may precede the other; and after both have concurred the contract becomes valid.
This, as an authority, assumes that the receipt and acceptance exists as an ascertained fact, and decides only that they need not occur at the same time. The question here is, was there any receipt and acceptance hy the defendant ? All the case above cited decides is, that where the vendor’s contract is merely to move the goods to a specified place, the moment this is done, and the purchaser assumes charge thereof, and takes actual possession of any portion, the statute of frauds is satisfied.
Did the defendant take any charge, or actual possession of the wagon % I think not. The answer admits that the plaintiffs delivered the wagon with shafts without defendant’s knowledge or authority. This is not such a delivery as should bind the defendant in a contract under the statute. Besides, the only witness, who testifies on the subject says, that he had no personal knowledge whether the wagon went to McDonnell’s stable or not. There is no evidence that the defendant even saw the wagon at any time after the plaintiffs undertook to fit the pole to it, nor does it appear that he was told by the plaintiffs, or knew that it was difficult or expensive so to do.
Gardner, J., says,
“The language of the statute is unequivocal, and demands the action of both parties, for acceptance implies delivery, and there can be no complete delivery without acceptance” (Shindler v. Houston, 1 Coms. 261). The following cases are referred to as authority in this case: Stone v. Browning, 51 N. Y. 211; Cross v. O’Donnell, 44 Id. 661; Caulkins v. Hellman, 47 Id. 449; Brand v. Fotch, 3 Keyes, 409; Story on Sales, § 276.
*167 The order appealed from should be reversed, with costs.
Freedman and Curtis, JJ., concurred. .