JANE C. HAM, RESPONDENT, v. EDMUND H. VAN ORDEN, APPELLANT.

*Statute of frauds — acceptance.*

The mere words of a contract for sale of chattels do not constitute an acceptance within the provisions of the statute of frauds. The vendee must act so as to indicate that he receives and accepts the goods.

APPEAL from a judgment of the County Court of Greene county, affirming a judgment of a justice of the peace against defendant.

This is an action for the purchase-price ($125) of certain furniture. The defense is the statute of frauds. The only question is, whether the goods were accepted and received, so as to take the case out of the statute. The action was tried in a Justice's Court, and the plaintiff recovered. On appeal to the County Court the judgment was affirmed, and the defendant appeals.

The contract for the sale was verbal, and none of the goods were delivered at the time. The defendant had offered $125 for this furniture, and about a week afterward, at plaintiff's house, she told him he could have it, and he said he would take it. The defendant asked how long it would take to get the things together, and the plaintiff said two or three days. He wondered if he could get Watson, the plaintiff's son, to bring it down; *i. e.*, from her house to his. At a subsequent conversation the defendant said: "Jane, about that furniture — I want you to get Watson to bring it down." The plaintiff testified: "I said I could not produce all the things; that some had been broken and some worn out. He said: 'No matter; you send them on and all will be right.'" Or, as another

witness for the plaintiff testified, the plaintiff said : "How about that furniture ? I can't deliver all the articles you bought of me; some are broken, some worn out while ma was living, and some are in the cemetery." He replied: "Yes, Jane, I know all about that; see if you can't trust me; you tell Watson to bring the things down for me; we won't have any trouble about it."

The defendant denied this, and testified that he said he would take the furniture at that price, if she would deliver it in good order and give him notice before it was delivered; that if he had the furniture, she would have to trust the things in his hands, and that he did not ask her to tell Watson to bring the things down for him.

The day following this last conversation, Watson, the plaintiff's son, took the goods down to the defendant's house. The defendant was not at home, and Watson left them. The defendant refused to take them when he found that they had been left.

*Jacob I. Werner*, for the appellant.

*Samuel Hand*, for the respondent.

LEARNED, P. J. :

It is well said, in *Shindler* v. *Houston* (1 N. Y., 261), that "the acts of part payment, of *delivery and acceptance*, mentioned in the statute, are something over and beyond the agreement, of which they are a part performance, and which they assume as already existing." And again, in the same case, "there must be an actual acceptance by the latter [the vendee], with the intent of taking possession as owner." Again, in *Caulkins* v. *Hellman* (47 N. Y., 449): "Even the receipt of the goods without an acceptance is not sufficient. Some act or conduct on the part of the vendee, or his authorized agent, manifesting an intention to accept the goods as a performance of the contract, and to appropriate them, is required."

What was there in the present case ? Only a verbal agreement. The plaintiff claims that the defendant accepted the furniture, because, in the presence of the furniture, he agreed to buy it, and then, that he received it the next day by its delivery to Watson,

alleged to be his agent for that purpose. But the mere words of the contract for sale are not acceptance. Acceptance requires " that the vendee should also *act* [not talk], and that his act should be of such a nature as to indicate that he received and accepted the goods delivered as his property." (*Rodgers* v. *Phillips*, 40 N. Y., 519, 524.) In the present case the defendant did no act whatever, except to make the contract. Some of the furniture was not even present; some was broken; some was in the cemetery. Even as to the contract actually made, if the matter of fact were before us for review, a fair understanding of the testimony, perhaps, would be, that he was not bound to the price of $125, if the furniture should prove to be in bad condition. But, however that may be, whatever the mere verbal agreement was, the defendant did no act which can be called an acceptance of the property. It may be that he agreed to accept the furniture. But, as a matter of fact, he did not accept anything. (*Brabin* v. *Hyde*, 32 N. Y., 519; *Brand* v. *Focht*, 3 Keyes, 409; *Good* v. *Curtiss*, 31 How., 4.)

It is said that the acceptance and the receiving may be at different times. (*Cross* v. *O'Donnell*, 44 N. Y., 661.) Even if this be correct, it cannot be said that, in the present case, there was any acceptance of the goods by the act of Watson. Assuming that the goods were to be delivered to the defendant at the plaintiff's house, yet, as the contract was verbal, it was necessary that he should manifest his acceptance by some act. So that the delivery of the goods by the plaintiff to Watson, that they might be carried to the defendant's house, was not an acceptance by him. And, indeed, the plaintiff does not argue that the delivery to Watson was an acceptance, but that the acceptance had preceded. No such acceptance, as is before said, had in fact taken place, and Watson had no authority from the defendant to accept. The plaintiff should have been nonsuited.

The judgment must be reversed, with costs.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgments of County Court and justice reversed, with costs.