**E. R. BRACKETT CO. v. KORNBLUM et al.**

(Supreme Court, Appellate Term. March 13, 1911.)

1. FRAUDS, STATUTE OF (§ 90*)—SALES OF PERSONALTY—AVOIDANCE OF STATUTE—REQUISITES.

    To avoid the statute of frauds, there must be a delivery of goods sold under an oral contract and acceptance thereof.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 174–179; Dec. Dig. § 90.*]

2. FRAUDS, STATUTE OF (§ 90*)—SALES OF PERSONALTY—DELIVERY—SUFFICIENCY.

    Retention by the seller of goods on the buyer's refusal to receive and subsequent sale to a third person show want of delivery under an oral contract of sale necessary to satisfy the statute of frauds.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 174–179; Dec. Dig. § 90.*]

3. FRAUDS, STATUTE OF (§ 90*)—SALES OF PERSONALTY—DELIVERY.

    A seller's claim for damages for breach of the buyer's oral contract to accept is inconsistent with acceptance of delivery essential to satisfy the statute of frauds.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 174–179; Dec. Dig. § 90.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the E. R. Brackett Company against Samuel J. Kornblum and another, partners as S. J. & W. Kornblum. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Feldblum, Reizenstein & Levison (Adolph Feldblum, of counsel), for appellants.

Cleary, Averill & Scott (James C. Cleary and John C. Hollembaek, of counsel), for respondent.

PAGE, J.   The plaintiff, by its authorized agent and salesman, at Pier 28, North River, sold to the defendants certain crates of peaches to be delivered at the storage warehouse of the Arctic Refrigerating Company at 87½ cents per crate.   This was between 1 and 3 o'clock in the morning.   At 7 o'clock the first truck load was delivered at the warehouse.   When an attempt was made to deliver a second and third truck load, the defendants refused to accept any of them, and all were, by order of the plaintiff, stored for plaintiff's account in said warehouse.   About five days thereafter the plaintiff sold the peaches to a third person for 50 cents a crate, and brings this action to recover for the difference between the purchase price and the amount realized on the resale.   The facts above stated are not controverted.   There was a controverted question of fact as to a warranty of the quality of the peaches.   For the purposes of this appeal we will treat the controverted questions of fact as settled in plaintiff's favor and only consider the legal questions arising on the uncontroverted facts.   The defendants plead the statute of frauds as a defense.   The action was not brought to recover the purchase price of the goods as sold and delivered, but for damages for refusal to accept the goods.   In the fourth paragraph of the complaint it is alleged:

"That thereafter and on or about the 28th day of July, 1910, the defendants refused to accept and pay for the said peaches in accordance with the contract."

The evidence was that this refusal was made on the 23d day of July when a delivery was sought to be made.   To satisfy the requirement of the statute of frauds, there must be a delivery and an acceptance.   The law is well settled by Judge Earl in Stone v. Browning, 51 N. Y. 211, 215:

"There was no part payment of the purchase money nor note or memorandum of the contract.   Hence there was no compliance with the statute unless the defendants both accepted and received the cloth purchased or some of it. It was not sufficient to answer the statute that the cloth was delivered to the defendants; they must also have accepted it.   Cross v. O'Donnell, 44 N. Y. 661 [4 Am. Rep. 721].   A delivery of property to satisfy the requirements of the statute of frauds must be a delivery by the vendor with the intention of vesting the right of possession in the vendee, and there must be an actual acceptance by the latter with the intent of taking possession as owner.   Brand v. Focht, *42 N. Y. 409.   Judge Wright, in Shindler v. Houston, 1 N. Y. 269 [49 Am. Dec. 316], says: 'The best considered cases hold that there must be a vesting of the possession of the goods in the vendee as absolute owner, discharged of all lien for the price on the part of the vendor, and an ultimate

acceptance and receiving of the property by the vendee so unequivocal that he shall have precluded himself from taking any objection to the quantities or quality of the goods sold.' In Bell v. Boment, 9 M. & W. 41, Parke, B., says: 'To constitute delivery, the possession must have been parted with by the owner, so as to deprive him of the right of lien.' In Phillips v. Bistolli, 2 B. & Cr. 511, it is said (Per Curiam): 'In order to satisfy the statute, there must be a delivery of the goods by the vendor with the intention of vesting the right of possession in the vendee, and there must be an actual acceptance by the latter with an intention of taking the possession as owner.'"

In Stone v. Browning the goods were delivered with the understanding that they were to be examined, and hence it was held that the receiving of the cloth was not sufficient in itself to satisfy the statute. In the case at bar the goods were not received, and the defendants exercised no dominion over them.

The delivery was to be made f. o. b. at the warehouse, and there could be no delivery or acceptance until the goods were offered at the warehouse. Defendants refused to accept them, and plaintiff retained them and thereafter sold them. Had there been a valid contract of sale, then plaintiff would have been justified on defendants' refusal to accept in selling the goods and suing to recover the difference. But, where it is necessary in order to make a valid contract of sale that delivery and acceptance should occur, then a retention of the property by the seller and a sale thereof proves that the seller has not so completely parted with possession as to make the delivery necessary under the statute; and damages predicated upon a refusal to accept is inconsistent with acceptance.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.