Hill, P. J.
Two proceedings for the construction of the. will of testatrix were commenced, one by the executors, the other by the legatee and devisee, Wilbur Joslyn. The portion involved ‘is the third paragraph, which reads: “ Third: I do give, devise and bequeath to Wilbur Joslyn my feed store property and my coal bins in the Village of Grand Gorge, New York, and the lots belonging to each of said properties, together with all rights of way appurtenant thereto, and I include in said bequest all machinery and fixtures, including trucks, belonging to the said feed and coal business, together with all feed and coal that may be on hand at the time of my death.
‘ ‘ I request that the feed and coal business be carried on under the name of ‘ The Harley Stores.’ ”
The Harley family, for many years, had conducted a coal and feed business at Grand Gorge. Testatrix’ husband, Charles Harley, first employed the legatee Wilbur Joslyn some twenty years before her death. After the husband died in 194-0, Joslyn continued to operate and manage the business which was known as “ The Harley Stores ”.
The court below has determined that Joslyn-receives three parcels of real property, the first being “ the feed store property and post office building ”. These two buildings, on the south side of the main highway, stand on land which belonged to testatrix’ husband and of which she was the devisee. The feed store is a rather large building with loading platforms and equipment generally used in the vending of feed for stock, fertilizer and other heavy items. Four feet easterly is the post-office building, under lease to the United States Government and not used in any way in the feed or coal business. The northerly portion of the four-foot strip between the buildings is roofed and from this area there is an entrance into the post office, but not into the feed store. The court has determined that these two buildings constitute the “ feed store property ” *565 and are devised to Joslyn. Appellants argue that only the feed store building and half of the four-foot areaway between it and the post office is devised. The second parcel, concerning which there is no contest, is some distance away and adjacent to the railroad tracks and switches, and is occupied by buildings and coal bins used in connection with the coal business. The third parcel, concerning which there is a contest, is on the northerly side of the main highway. The only building is a garage wherein trucks used in connection with the feed and coal business have been stored for many years, also the pleasure automobile of testatrix.
A bank account, separate from testatrix’ other business, was maintained by the legatee in connection with and under the name “ The Harley Stores ”. Eeceipts from the feed and coal business and rent from the post office were deposited therein and all of the expenses of the business, together with insurance premiums on the business and some other property, were paid therefrom. A balance sheet as of May 16, 1943, the date of testatrix’ death, disclosed cash and accounts receivable of nearly $22,000, merchandise about $15,000, merchandise in transit, $1,936.75, and a corresponding amount in the liabilities designated as accounts payable for merchandise in transit. There were other accounts payable aggregating $717.06.
It appears that in addition to the merchandise on the premises, there was about $6,000 worth “ on order ” at the time of testatrix’ death. It is contended by the legatee that the bequeath of “ all feed and coal that may be on hand at the time of my death ” included cash on hand, receivables, merchandise on the premises, “ in transit ” and “ on order ”.
Merchandise “ on hand ” as between a vendor and vendee, includes the items to which the vendor has title, whether on the premises where the business is carried on or elsewhere. (Brady v. Cassidy, 104 N. Y. 147, 145 N. Y. 171; Crouch v. Parker, 56 N. Y. 597, 40 Barb. 94; Stone v. Browning, 51 N. Y. 211.) Tinder a will, merchandise on hand includes that to which the testator had title, whether at the store or elsewhere. (Brown v. Clothey, 193 Mass. 271.)
The will under consideration bequeaths merchandise “ on hand ”. This is more inclusive than a bequest of merchandise “ in the store ” or “ on the premises ”, and includes items and articles identifiable with the business, to which testatrix had title, even though not delivered. (Brown v. Clothey, supra.) It would not include articles to which she did not have title, even though they had been the subject of negotiations pre *566 liminary to the acquisition of title. Personal Property Law (§ 85) is controlling as to the title to property which is to be delivered in the future. Contracts to purchase property for $50 or more must be in writing or there must be partial delivery or payment.
The bequest of merchandise on hand does not include cash or receivables. The record does not contain proof which permits a determination as to ownership of all the items here involved which were not on the premises at the time of testatrix’ death. The decision appealed from should be reversed as to the items to which she did not have title, but those to which she had title, even though not paid for, pass under the will, the estate to be liable for the purchase price.
Testatrix bequeathed not only the “ feed store property and my coal bins ” but devised of real estate “ the lots belonging to each of said properties, together with all rights of way appurtenant thereto ”. The lot belonging to the feed store property was acquired at the same time as the land upon which the post office stands. These buildings are about four feet apart. This narrow areaway has a low roof for a short distance near the street. From this areaway there is no entrance to the feed store. The only identification of the post office with the feed business was the collection of rent by Joslyn, who also paid insurance premiums from the bank account maintained by “ The Harley Stores ”. This account belonged to the testatrix equally with the account standing in her own name. No particular significance could be attached to such management, of the post office by her employee. The easterly boundary of the feed store real property should be fixed at a line starting from a point on the southerly side of the main highway in Grand Gorge, equidistant from the feed store building and the post office, and continuing in a southerly direction, equidistant from the two buildings and extending on the same course as between the buildings, to the southerly boundary of the real property there owned by testatrix. The decree appealed from, insofar as it determines otherwise as to the post office, should be reversed. There is no contest as to the second parcel, and the decree in reference thereto should be affirmed. The third parcel, the so-called garage, housed the trucks belonging to testatrix’ feed and coal business. She devised the lots belonging to these properties ‘ ‘ together with all rights of way appurtenant thereto ” and machinery and fixtures “ including trucks That parcel was and is so appurtenant to The Harley Stores that it seems reasonable that she intended to devise it therewith. *567 The decree of the Surrogate’s Court in this regard should be affirmed.
The decree should be modified and reversed on the law and facts as to the post-office building and as to merchandise not on the premises of The Harley Stores and to which the testatrix did not have title at the time of her death; otherwise affirmed.
Matter remitted to the Surrogate’s Court for the taking of such additional proof as may be necessary to permit a determination as to the ownership of merchandise received after the death of testatrix but to which she had no title prior to her death. The court reverses findings of fact contrary to the foregoing as to the feed store real property and. the items of merchandise to which testatrix did not have title at the time of her death. Costs and disbursements to the appellants and to the executors.
Heeeernan, Brewster, Foster and Lawrence, JJ., concur.
Decree modified and reversed on the law and facts as to the post-office building and as to merchandise not on the premises of The Harley Stores and to which the testatrix did not have title at the time of her death. The easterly boundary of the feed store real property which passed under the will is to be fixed at a line starting from a point on the southerly side of the main highway in Grand Gorge, equidistant from the feed store building and the post office, and continuing in a southerly direction, equidistant from the two buildings and extending on the same course as between the buildings, to the southerly boundary of the real property there owned by testatrix; otherwise affirmed.
Matter remitted to the Surrogate’s Court for the taking of such additional proof as may be necessary to permit a determination as to the ownership of merchandise received at The Harley Stores after the death of testatrix. The court reverses findings of fact contrary to the foregoing as to the feed store real property and the items of merchandise to which testatrix did not have title at the time of her death. Costs and disbursements to the appellants and to the executors.