[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 522 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 523 
There may be some doubt whether the parol evidence in regard to the agreement to deliver the lumber was admissible, but if it were necessary to decide that question, I should regard it as admissible, on the ground that what is called the bill of sale was in substance a mere receipt for the purchase money, and did not purport to be a contract. (Dunn v. Hewitt, 2 Denio, 637;Blood v. Harrington, 8 Pick., 552; Filkins v. Whyland,24 N Y, 338.) If the lumber had not been paid for, and the instrument, omitting the receipt, had been signed by the defendant and delivered, as a note or memorandum of the sale, it would then have been the evidence of a contract, executory on one part at least, and not open to explanation by parol. But looking at the whole instrument, I think it is to be regarded as a receipt, and not a contract, within the cases above cited. Of course, in this view, the memorandum at the foot of the bill is not regarded as a part of it; if it were, its character would be changed from a receipt to an executory contract, conclusive upon the parties, except so far as it was still a receipt. (Eggleston v. Knickerbocker, 6 Barb., 458.) *Page 524 
The point which is made upon the contradictory character of the evidence in relation to the contract to deliver the lumber on the cars, and its sufficiency to establish such contract, presents only a question of fact which this court cannot review. Where the finding of a court or referee upon a question of fact is ambiguous, the evidence may be referred to for the purpose of removing the ambiguity, but not to reverse or modify a distinct finding, or to establish an independent fact not found. (19 N.Y., 210; 21 id., 550; 22 id., 324; 23 id., 344.) We can no more review the decision of the court, that the testimony was not conflicting, than we can the conclusion that it was sufficient; and we can do neither without making a precedent which would open to review here the details of the evidence in all cases.
But in the view which I take of the remaining question, it becomes immaterial whether there was a contract to deliver at the cars or not. The lumber had not been actually delivered, but remained in the possession of the vendor. In the absence of any express contract to deliver, there was an implied one to deliver at the yard of the vendor, when called for. In either case the lumber did not remain at the risk of the vendor, if the title did not remain in him. The risk attends upon the title, not upon the possession, where there is no special agreement upon the subject. (Tarling v. Baxter, 6 B. C., 360; Willis v. Willis, 6 Dana, 49; Hinde v. Whitehouse, 7 East, 558; Joyce v.Adams, 4 Seld., 296; 2 Kent's Com., 492, 496; Noy's Maxims, 88.) I entertain no doubt that upon the facts found in this case, the title was in the vendee. The lumber was selected by both parties and designated as the lumber sold to Elmore, except the 600 pieces, which were selected by the parties, and the precise pieces sold designated with as much precision as if the purchaser had marked every piece with his name; that which was sold by measurement was inspected and measured, and the quantity ascertained; the price for the whole was agreed upon and paid, and a bill of parcels receipted and delivered to the purchaser. These facts, I think, vested the title in the purchaser, notwithstanding the agreement of *Page 525 
the seller to deliver the lumber free of charge, at the cars. "The sale of a specific chattel passes the property therein to the vendee, without delivery." (Chitty on Contr., 8 Am. ed., p. 332.) "It is a general rule of the common law that a mere contract for the sale of goods, where nothing remains to be done by the seller before making delivery, transfers the right of property, although the price has not been paid, nor the thing sold delivered to the purchaser. (Olyphant v. Baker, 5 Denio, 382.) The authorities are numerous, where the expression is used that if anything remains to be done by the seller, the title does not pass; but the cases which are referred to to sustain that position, only go the length of showing that where something is to be done by the seller to ascertain the identity, quantity or quality of the article sold, or to put it in the condition which the terms of the contract require, the title does not pass. (2 Kent's Com., 496; Hanson v. Myer, 6 East, 614; Simmons v.Swift, 5 B. C., 857; Joyce v. Adams, 4 Seld., 291;Field v. Moore, Lalor's Sup., 418.) The list of cases to this effect might be indefinitely increased; but no case has been referred to by counsel, nor have I discovered any, in which, where the article sold was perfectly identified and paid for, it was held that a stipulation of the seller to deliver at a particular place prevented the title from passing. If the payment was to be made on or after delivery, at a particular place, it might fairly be inferred that the contract was executory, until such delivery; but where the sale appears to be absolute, the identity of the thing fixed, and the price for it paid, I see no room for an inference that the property remains the seller's, merely because he has engaged to transport it to a given point. I think in such case the property passes at the time of the contract, and that in carrying it, the seller acts as bailee and not as owner. The questions which arise in such cases, as to sales, are questions of intention, such as arise in all other cases of the interpretation of contracts; and when the facts are ascertained, either by the written agreement of the parties or by the findings of a court, as they are here, they are questions of law. That the parties to the contract in this case *Page 526 
intended to pass the title to the lumber immediately, appears very clear; nor do I suppose that any one would question it, were it not for the apparent hardship of the case to the purchaser. If the property, instead of being lumber, had been sheep or cows, capable of increase, (which follows the ownership,) and there had been a sudden and large increase to the flock, or drove, before they could be delivered at the point agreed upon, I think no one would have said that the defendant could have discharged his obligation to deliver, and yet retained the increase. Such, however, must be the conclusion, if the plaintiff's position is maintained. The judgment should be reversed and a new trial granted.
All the judges concurring,
Judgment reversed, and new trial ordered.