ANDREW S. SCHOONMAKER AND LEFEBRA D. GORDON, APPELLANTS, *v.* RICHARD A. VERVALEN, SAMUEL A. VERVALEN AND CHARLES B. BENSEN, RESPONDENTS.

*Sale of personal property — delivery not necessary to pass title — no actual change of possession — presumption arising from.*

The firm of Weyant Bros. manufactured certain paper for the plaintiffs, the consideration therefor being merchandise previously furnished Weyant Bros. to be paid for in such paper. On the nineteenth of May, while a portion of the paper not yet delivered was in their mills, a judgment was recovered against the firm by the defendant, execution was issued thereon on the same day, under which the goods were levied upon on the twenty-third and subsequently sold. On the twentieth the firm executed a bill of sale of the paper to the plaintiffs, who, however, did not take possession of the same.

Upon the trial of this action brought to recover the value of the goods so sold by defendant, the judge charged that the sale was not valid unless there was an actual delivery of the property. *Held*, that this was error; that a delivery is not necessary to pass the title to personal property, and the failure to take possession of the paper only cast upon the plaintiff the burden of establishing to the satisfaction of the jury that the sale was made in good faith.

APPEAL from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Geo. W. Weiant*, for the appellants.

*A. E. Suffern*, for the respondents.

BARNARD, P. J.:

The question between these parties was one of title to personal property. The plaintiffs, merchants in the city of New York, sold goods to Weyant brothers, a firm of paper makers at Haverstraw, Rockland county, and ordered some three tons of paper, and paper goods to be made for them on account thereof. The Weyants had received in goods, more than sufficient to pay for the paper goods ordered. A part of the paper ordered was delivered from time to time, and the remainder was made, but lay at the Weyant mills on the 19th of May, 1874. On that day an execution was issued and delivered to the sheriff of Rockland county, upon a judgment recovered by the defendant Vervalen, against the Weyants. On the twentieth of May the Weyant brothers executed a bill of sale of the property in question to the plaintiffs. On the 23d of May, 1874, the sheriff made his levy on the property. The bill of sale was delivered at Haverstraw, and the plaintiffs after its receipt, did not go to the paper mill where the paper then was. The sheriff sold the property. Upon the trial the judge decided, and I think correctly, that no title would pass in the paper under the original order for the manufacture, except as to that part thereof which was actually delivered. In other words, that all property in the mill not delivered was at the risk of the manufacturers. This left but two questions under the bill of sale for the jury. One was as to the lien of the execution after delivery of the same to the sheriff, under 2 Revised Statutes, 365 (*Ray* v. *Birdseye*, 5 Den., 619), and the other, as to the good faith of the bill of sale itself. (3 Revised

Statutes [5th ed.], 222.) The first question seems not to have been noticed at the trial. Upon the second question, the judge charged the jury, "unless there was an actual delivery of the property from the Weyant brothers to Mr. Gordon, the plaintiffs have no title to the property as against the creditors in the execution." I think this was erroneous. A sale of personal property passes the title without delivery. (*Terry* v. *Wheeler*, 25 N. Y., 520 ; *Olyphant* v. *Baker*, 5 Den., 382 ; Chitty on Contracts [5th Am. ed.], 332.) The statute above cited has made a sale unaccompanied by an immediate delivery, and followed by an actual and continued change of possession, presumptively fraudulent as against creditors and purchasers in good faith, and conclusive evidence of fraud, unless the persons claiming under such sale establish, to the satisfaction of the jury, that the sale was made in good faith and without intent to defraud the creditors or purchasers. (*Mitchell* v. *West*, 55 N. Y., 107.) The error was a vital one upon a trial involving the title to the property.

The judgment must be reversed and a new trial granted, costs to abide event.

Present — BARNARD, P. J., and DYKMAN, J. PRATT, J., not sitting.

Order denying new trial reversed, and new trial granted, costs to abide event.