GEORGE McNAMARA, APPELLANT, *v.* PHILOTUS EDMIS-
TER, RESPONDENT.

*Sale — when title passes without delivery.*

One Murphy sold to the plaintiff 450 bushels of buckwheat, and certain other articles, and gave a bill of sale thereof, and, on the same day, delivered all the articles, except the buckwheat, and received the whole amount due. The buckwheat was not to be delivered until it was threshed and made merchantable, which Murphy agreed to do. At the time of the sale, the buckwheat was standing in a field, part of a lot in shocks, and was pointed out to the plaintiff by Murphy. Subsequently, the latter informed plaintiff that he was ready to thresh, whereupon the latter requested him to store it in his granary until called for, which was done. To be merchantable, the buckwheat required to be cleaned after being threshed.

This action was brought by the plaintiff to recover the buckwheat from the sheriff, who had seized it under an attachment issued against Murphy, while in his possession and before the same had been cleaned after being threshed. *Held,* that the title to the buckwheat passed to the plaintiff, and that he was entitled to recover.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

This action of replevin was brought against the former sheriff of Broome county to recover certain buckwheat, seized by him by virtue of an attachment issued against one Murphy, which buck. wheat the plaintiff claimed to have purchased from said Murphy. The referee found, among other things: That, on the 28th day of September, 1875, one Daniel J. Murphy, a resident of Corbettsville, Broome county, N. Y., sold the plaintiff a quantity of personal property, which was specified in a bill of sale executed by said Murphy, and delivered by him to the said plaintiff, of which the following is a correct copy, viz.:

" CORBETTSVILLE, *Sept. 28th,* '75.

"D. J. MURPHY, *sold to* GEORGE McNAMARA,

| | | |
|---|---:|---:|
| 450 bushels buckwheat, 65 cts | $292 | 50 |
| 100 bushels shelled corn, 65 cts | 62 | 50 |
| 1 coffee mill | 12 | 00 |
| 40 gals. molasses, 56 cts | 22 | 40 |
| 100 lbs. roasted coffee, 32 cts | 32 | 00 |
| Total | $423 | 90 |

" To be delivered at Great Bend or Binghamton when threshed.

" Received payment,

"D. J. MURPHY."

That, on the evening of said twenty-eighth of September, the said Murphy delivered to the plaintiff, at his place of business in Great Bend, Pa., the coffee mill, molasses and roasted coffee, and that thereupon the said plaintiff paid to the said Murphy $423.90, the whole amount of said bill of sale; that the buckwheat mentioned in said bill, when sold, was parcel of a lot standing in a field belonging to said Murphy, in shocks, and was pointed out to plaintiff, by Murphy, as he and Murphy stood together in an adjoin-

ing field; and that said buckwheat was then and there estimated by Murphy to be about 500 bushels; and it was then and there agreed, as part of the terms of the sale of the buckwheat, that Murphy should, as soon as the weather would permit, thresh and measure the 450 bushels sold by him, and make it merchantable; that, after the sale, and when the weather became favorable, Murphy being ready to thresh the buckwheat, so informed the plaintiff, who, not being ready to receive it, requested Murphy to put it in his (Murphy's) granary, and keep it there until he should call for it; that, by thresher's measure, there was, of all the buckwheat when threshed, 490 bushels; and that after the whole was threshed it was all put into a granary belonging to Murphy, on his farm; and that about 470 bushels thereof was put into bins in said granary by itself, and about twenty bushels poured upon the floor, outside the bins; that, to make this buckwheat merchantable, it has to be cleaned again after threshing; and that after its seizure by the defendant by attachment, and its replevy by the plaintiff, it was cleaned again before it was sold; that the 450 bushels of buckwheat sold plaintiff was not, before its seizure by attachment by defendant, separately measured, nor entirely separated from the original lot of buckwheat threshed, nor set or placed apart by itself in the bins, but was mixed with about twenty bushels more, nor was it, before said seizure, cleaned the second time; that, in pursuance of the command of an attachment issued against Murphy, the defendant, on the 23d day of October, 1875, seized 470 bushels of buckwheat, or thereabouts, then being in the said granary of Daniel J. Murphy, and took possession of the same; that the buckwheat so seized included the 450 bushels bought by the said plaintiff of Murphy, as above found, and which, with twenty bushels more, was lying in the bins in Murphy's granary.

The referee's finding, that the grain was cleaned "the second time" after its replevy by plaintiff, would appear to imply that it was cleaned when threshed. There is nothing, however, in his findings or the case, to show any previous cleaning, unless the process of threshing be considered to be such.

*Scovill & De Witt*, for the appellant. The bill of sale having been made in good faith, and without any intent to defraud the

creditors, etc., the title to the property included in the bill of sale passed to the vendee. (*Andrew S. Schoonmaker and Lefebra D. Gordon, Appellants,* v. *Richard A. Vervalen et al., Respondents,* 9 Hun, 138; *Griffin* v. *Marquardt,* 17 N. Y., 30; *Thompson* v. *Banchard,* 4 id., 307; *Hanford* v. *Archer,* 4 Hill, 272; *Griswold* v. *Sheldon,* 4 Comst., 581; *Hoe* v. *Acker,* 23 Wend., 653.) After plaintiff requested Murphy to thresh and store the buckwheat, the latter became his bailee. (*Clute* v. *Fitch & Griswold,* 25 Barb, 431; *Terry* v. *Wheeler,* 25 N. Y., 525.) Murphy having put the buckwheat in his granary by direction of the appellant, he was released from doing any thing more, and the delivery to the appellant was complete. (*Dexter* v. *Norton,* 55 Barb., 272; *Terry* v. *Wheeler,* 25 N. Y., 520.) The buckwheat was fully identified by showing it to the appellant, by Murphy, when it stood in shocks in the field. (*Crofoot* v. *Bennett,* 2 N. Y., 258; *Kimberley et al.* v. *Patchin,* 19 id., 330; *Russell* v. *Carrington,* 42 id., 118; 51 id., 292; 25 id., 278.) The buckwheat having been stored in the granary, the right of possession and the actual possession were united, and Murphy had no control over it other than as bailee. (*Olyphant* v. *Baker,* 5 Denio, 379; *Dexter* v. *Bevins,* 42 Barb., 573; *Bacon et al* v. *Gillman,* 57 N. Y., 656.)

*D. S. Richards,* for the respondent.

BOCKES, J.:

No question arises in this case under the statute of frauds, nor is it claimed that the sale of the buckwheat by Murphy to the plaintiff was with intent to hinder, delay or defraud the creditors of Murphy. And it may be here added that the contract between Murphy and the plaintiff was, in form, a complete bargain and sale with full payment of the purchase-price. Nothing remained for the purchaser to do but to take possession. The buckwheat was parcel of a lot standing in a field in shocks, and was pointed out at the time of sale; Murphy agreeing to thrash it out, as soon as the weather would permit, and make it merchantable by due winnowing. Had the grain then been in the granary, instead of in the shock, the case would have been like that of *Kimberly* v. *Patchin* (19 N. Y., 330), and the title would have passed. It was held in

the case cited that, upon a sale of a specified quantity of grain, its separation from a mass undistinguishable in quality and value in which it is included, is not necessary to pass the title when the intention to do so is otherwise clearly manifested. (See, also, *Russell* v. *Carrington*, 42 N. Y., 118, and *Crofoot* v. *Bennett*, 2 id., 258.) In such case the title passes without actual separation or delivery of the property. But it is said the grain was thereafter to be threshed and made merchantable. So in *Terry* v. *Wheeler* (25 N. Y., 520), the property was to be transported by the vendor to a place named for delivery. Notwithstanding this, it was held that the sale was complete, and that the title passed to the purchaser. The title passes to the purchaser on a sale of personal property without delivery (*Wetmore* v. *Jaffray*, 16 Sup. Ct. Rep. [9 Hun], 140), save where something remains to be done, which, by the contract, is a condition precedent thereto. (*Terry* v. *Wheeler*, 25 N. Y., 520; see, also, *Bates* v. *Coster*, 8 Sup. Ct. Rep. [1 Hun], 400, and cases there cited.) There was no condition precedent to the passing of the title in this case.

There is something more in the case in hand than appeared in the cases cited. When the vendor here was ready to thresh, he was directed by the purchaser to put the grain in the granary and keep it there until he should call for it. The vendor threshed it out and put it in the granary as directed. From this time most certainly must the transaction be deemed to have been an executed sale, so as to pass the title. The decisions in the cases cited seem to require a reversal of the judgment directed by the referee in this case.

Judgment reversed, new trial granted, with costs to abide the event, and reference discharged.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment reversed and new trial granted, costs to abide event, and reference discharged.