ALFRED B. STONEY, Respondent, v. THE FARMERS' TRANSPORTATION COMPANY, OF KEYPORT, NEW JERSEY, Appellant.

*Servant — duty of, to devote his entire time to his master's business — a custom releasing him from such duty, void — when a party is chargeable with notice of a custom.*

The defendant was engaged in running a freight boat from Keyport to New York, receiving country produce from farmers, carrying it to New York and selling it, and returning the proceeds to the customers, after deducting freight and commissions. The plaintiff was hired by defendant to act as freight salesman on the boat for one year. After he had been employed for about two months he was discharged, because he had opened a business of the same kind on the boat, selling produce for customers and retaining the commissions for himself.

On the trial of this action, brought to recover damages for breach of the contract, the plaintiff was allowed, against the defendant's objection and exception, to give evidence to show that it was customary for persons so employed to have the privilege of buying and selling on their own account, provided they paid freight the same as other persons.

*Held*, that this was error.

(1.) Because it was not shown that the defendant had actual notice of the existence of the custom, or that it was so general or notorious as to charge it with knowledge thereof.

(2.) Because a custom attempting to release an employee from the duty of giving his entire and exclusive attention to the business of his master, and allowing him to carry on business in competition with him, was unreasonable and void.

Appeal from a judgment in favor of the plaintiff, entered on the verdict of a jury.

The action was brought to recover damages for the breach of a contract, by which the defendant was alleged to have hired plaintiff for a year, at certain wages, and the breach alleged was that the

defendant discharged him before the year expired. The case shows that the defendant was running a freight boat between Keyport and New York, the principal business of which was to receive country produce from the farmers, and carry it to the New York market and sell it, returning the proceeds to the customers, charging them freight and commissions for selling. On the 31st of August, 1866, the plaintiff was hired as freight salesman on the boat for a year, to commence September 1, 1866, at $1,200, payable monthly, $100 per month. His duties were to take charge of and sell all produce received on the boat to be sold, to collect the freight and pay it over to the clerk of the boat, discharge all the duties of clerk and salesman, and to give his entire time and service to the business. He went into the service, but was discharged on the seventeenth of November following, because it was found that he had opened a business of his own of the same kind on the boat, in competition with the boat, and was selling produce and receiving the commissions himself.

*Ten Broeck Van Orden & Erastus Cooke*, for the appellant.

*John Langtree*, for the respondent.

DANIELS, J.:

The plaintiff's claim in this case was for damages for the non-performance of a contract, by which he was employed to act as freight salesman, for one year for $1,200, on board of the Holm Dell, running between Keyport and New York. It appeared by his own evidence that after his employment in this service, he purchased and carried on the boat and sold produce on his own account, for which no liberty was given by the terms of the agreement under which he was employed; and he was discharged from the service of the defendant on that account. In order to avoid the effect of the business carried on by him upon his own account, he was permitted to give evidence as to what was claimed to be customary in that employment. It appeared that the business in which he was engaged was wholly limited to this boat and another engaged in the same trade.

Upon that subject, in the course of his own examination as a

witness, he was asked, " is it customary for persons in such business as you are in to have the privilege of buying and selling on their own account, provided they pay freight the same as other persons ? "

This was objected to as incompetent, improper and irrelevant. The court overruled the objection and the defendant excepted, and the witness answered, " it is customary as long as the freight is paid."

In the course of the examination of another witness a similar question was propounded to him, and the same objection was interposed to this evidence, and the witness answered, " so far as I know it is."   He was then asked, " you have such a privilege ? " And the same objection was taken to that question.   His answer was, " yes, sir."   The question was then asked, " All who are similarly employed have enjoyed a similar privilege, so far as you know ? "   The same objection was taken to that, and the witness answered, " yes, sir."   It is apparent from these questions and answers, which was all the evidence that was given upon this subject, that it was not proposed to show that the defendant had any knowledge or notice of the existence of such a usage, or that it was so general or notorious as to lead to the conclusion that such knowledge or notice could be presumed to exist, and the consequence is, that the evidence was not, as it was offered, admissible for the purpose of abridging the defendant's rights to the plaintiff's services under this contract.   In order to establish a usage, having the effect of enlarging, restraining or modifying the terms of a contract, it is necessary that the usage or custom shall be both reasonable in its character and known to the party who is proposed to be affected by it.

This evidence was defective in both respects.   It was not proposed to show by it that the custom was one that it was to be presumed the defendants had notice of, or to show that in point of fact such notice or knowledge existed on its part, and if that had been proposed or shown, a custom or usage controlling the terms of an employment by hiring, of the nature of this one, would be unreasonable in itself, for it would be inconsistent with the obligations that the plaintiff subjected himself to by the terms of the agreement entered into for the performance of his services.   The

contract which was made, according to his own evidence, imported that the defendant was entitled to the exclusive service of the plaintiff in the business in which he was employed, for its own advantage and benefit, and to allow him to engage in a similar business on his own account, and to bring his interests into competition with those of the defendant in which he was employed would be unreasonable and unjust.

That this evidence was defective, and not entitled to any consideration in the way of affecting the contract between the plaintiff and the defendant, necessarily follows from the authorities existing on this subject. (2 Parsons on Contracts [5th ed.], 544–546 ; *Bradley* v. *Wheeler*, 44 N. Y., 495–500 ; *Dawson* v. *Kittle*, 4 Hill, 107.)

Another defect in the evidence, which was given for the purpose of affecting this contract by proof of custom, was that it was not proposed to show, and the evidence did not tend to show, that a person employed under such an agreement, as is shown to have existed in this case, was ever permitted by means of a custom, to engage in and carry on a business on his own account similar to that in which he was employed to render his services. The evidence given as to the custom or usage was wholly insufficient to excuse him from his obligation to give his entire and exclusive time and attention to the business of the defendants. And the consequence was, that engaging in this business on his own account, and carrying it on at the same time he was under the obligation to serve the defendant, was a breach of his contract that justified his discharge.

After the close of the evidence the defendant requested the court to charge, that engaging in speculation on his own account, and using the defendant's boat and employees to enable him to carry on such business and speculation, was a violation of his duty under the contract. This the court left to the jury as a question of fact, and to that the defendant excepted.

The proposition embodied in this request was entirely sound and proper. It was one which presented a legal question and it should have been decided by the court, and not submitted for decision to the jury. The court should have held that engaging in such speculation by the plaintiff did violate his contract ; and

if that had been held, as it should have been by the court, the consequence would have followed that the plaintiff would not have been permitted to recover in the action.

For these reasons the judgment should be reversed and a new trial ordered, costs to abide the event.

BRADY, P. J., and INGALLS, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.