McAdam, C. J.
—The defendant stored in the plaintiffs’ warehouse 200 barrels of sugar. The storage, labor, price and amount due are admitted. The defense is that the place where the plaintiffs stored the goods, “Warehouse K,” is a fibre warehouse—that is, a place where fibrous goods are stored—and that in consequence the defendant was put to an expense of $149.49 for extra premiums of insurance on his sugar, and this sum he seeks to deduct from the plaintiffs’ claim. There is no imputation of fraud or misrepresentation on the part of the plaintiffs, and no contract whereby they agreed to pay for the extra premiums. The defendant bases his counter-claim on an alleged usage of the trade by which warehousemen who put sugar alongside of fibrous goods, allow from their bill for storage the charge for extra insurance.
There seems to be two objections to this demand:
First. The custom (if there be one) is of a local character —not universal—confined to a particular business, and does not bind the plaintiffs, who do not appear to have had any knowledge of its existence. Sipperly v. Stewart, 50 Barb., 62.
Second. Although custom may aid in the interpretation of a contract, make clear its sense, explain ambiguous terms and technical phrases, it cannot annul the general liabilities of parties under the common law, nor give rise to independent and collateral counter agreements calculated to produce a result at variance with the express stipulations of the parties. Lawson on Custom, §§ 206, 207.
In other words, “Usage may be admissible to explain what is doubtful, but is never admissible to contradict what is plain.” Blackett v. Royal Ex. A. Co., 2 Cromp. & J., 244.
Every material incident added to a contract varies it, makes it different from what it appeared to be, and so far is inconsistent with and repugnant to it. A party who has entered into one contract, cannot, by custom he knew nothing of, be held to have entered into a second by which he is required to make payments he never contemplated. See Phillips v. Briard, 25 L. J. Ex., 233.
The contract originally made requires the payment to the plaintiffs of $280. The new provision attempted to be engrafted upon it reduces the amount to $130.51. To this extent, the one is inconsistent with and contradictory to the other, and the rule is that a custom, to be good, must be consistent with and not repugnant to the contract. If the defendant may be lawfully permitted to show that a *288 storage contract obligating him to pay $280, by custom means $130.51 instead, he may, in a case where the extra premiums paid exceed the amount of the storage, show that instead of it being the principal contract on his part to pay storage, it was one on the part of the plaintiffs to pay extra insurance, and in the new form bring the plaintiffs in his debt. In this way the ordinary condition is reversed: The incident becomes the principal—the principal the incident.
This will hardly do. The tendency of the courts has been to keep custom within more reasonable bounds. Schooner Reeside, 2 Sumn., 567; Earl, J., in Bradley v. Wheeler, 44 N. Y., 495. Indeed, if the custom sought to be enforced were held to be good, the owner of a single warehouse could never store miscellaneous goods in it, without incurring a liability for extra premiums of insurance to the starers of all goods not deemed hazardous, simply because goods more hazardous had found their way into the warehouse. The insurance company charged regular, rates on the sugar for the first six months it was in the plaintiffs’ storehouse, and then doubled its rates. This afforded the defendant his locus pcenitentiae. He ought to have informed the plaintiffs of the increase of premium, so that if they did not consent to allow it from the storage rates the sugar might have been withdrawn and stored elsewhere. The defendant gave no such notice, but silently allowed his property to remain in the plaintiffs’ warehouse under a contract which obliged him to pay a specific price as storage.
Upon the entire case, the defendant’s proofs fail to establish any legal right to the counter-claim alleged.
It follows that the plaintiffs are entitled to judgment for $298.43, the amount claimed and interest, with costs.