### ENGINE SOLD BUT DESTROYED BY FIRE PENDING DELIVERY.

Circuit Court of Summit County.

FREEMAN STROH ET AL v. ANTON PETERSON.

Decided, October 8, 1908.

*Sale of Chattel—When Complete—Delivery.*

Delivery is not essential to pass title to specific personal property sold, where nothing remains to be done to identify it or put it into a deliverable condition, unless a contrary intention is shown in the words or conduct of the parties. But when delivery by the seller at a stipulated place other than that of sale is customarily implied, or is expressly stipulated for an entire consideration which includes the purchase price payable on delivery, title and risk ordinarily remain with the seller, and he can not have his action for the price until such delivery is made.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand related as they stood below. The plaintiffs sold an engine which they had in

use in Barberton and agreed to deliver it to the defendant in Akron. The latter was to send someone to participate in disconnecting the engine and getting it ready for transportation so as to know how to set it up again in the new location. Neither party was ready for the delivery to take place when the negotiations for the sale were consummated; but except as thus indicated nothing else remained to be done to put the engine into a deliverable condition. By agreement the buyer meanwhile made partial payments on the purchase price. Before the time for delivery arrived, however, the engine was destroyed by fire, and by mutual consent of the parties was sold by the plaintiffs for scrap. The action below was brought for the balance of the purchase price, and the defendant, denying liability, counter-claimed for the partial payments by him made. Judgment was rendered on the verdict of a jury against the plaintiffs and for the defendant in the amount of his claim.

Various rulings, on the admission of evidence, in the charge of the court, in the refusal of plaintiffs' requests, and in denying a new trial, are alleged here as error. Without discussing any in detail our views upon all the minor points in controversy, the main contention of the parties turns upon the question of law involved in the relation of the stipulated delivery to the transference of title and risk. There can be no question that by the law as declared in Ohio, in consonance with modern authority generally, delivery is not essential to pass title to specific personal property sold, where nothing remains to be done to identify the same or put it into a deliverable condition, unless a contrary intention is shown in the words or conduct of the parties. But where delivery by the seller at a stipulated place other than that of sale is customarily implied, or is expressly contracted for by the parties, for an entire consideration which includes the purchase price payable on delivery, title and risk will ordinarily remain in the seller and he can not have his action for the price until such delivery is made (*Cunningham Iron Co.* v. *Warren Mfg. Co.*, 80 Fed. Rep., 878). True *Terry* v. *Wheeler*, 25 N. Y., 520, is apparently the other way, but it is sharply distinguished in *Benjamin on Sales*, p. 677 (6th Ed.).

Now it is in evidence in this case that the parties made no express stipulation as to when the title and risk should pass. Nor did they evince any intention whatever on the subject except such as the law implies from the terms of the agreement as made. Their conduct both before and after the fire, with respect to insurance and other details of their business transaction, does indeed evince a somewhat natural uncertainty as to what that implication of law might be; but there is nothing in the evidence which was properly admitted nor in that alleged to have been erroneously admitted or excluded, which could alter the case. Practically the only material fact in controversy was whether the agreed price was $410 for the engine delivered or only $400 for the engine and $10 for the delivery. By the court's charge the jury's verdict was properly made to hinge chiefly upon this distinction, and we see no reason to disturb it. The requests refused, though perhaps correct in themselves, would not have aided the jury in the determination of this issue.

Judgment affirmed.