Napton, judge,
delivered the opinion of the court.
This was an action of assumpsit brought by Cyprian Chouteau, administrator of Francis Chouteau, to recover the half of $252 40, paid by said Francis as co-security with Hicks upon the administration bond of one Youcherein.
Only two points are presented by the record.
1. The defendant Hicks proved that he was an attorney and counsellor at law when his name was signed to the administration bond, and he relied upon the 16th section of the 1st article of the act concerning administration, which prohibits sheriffs, clerks and their deputies, and attorneys at law from being taken as security on such bonds, as discharging him from liability. This defence was overruled in the circuit court.
2. The proof of the execution of the bond by Hicks was alsp objected to, as insufficient to authorize the bond to go to the jury. The proof was this: John R. Swearengen testified that the signature of Hicks was not in the hand-writing of Hicks, but in that of the witness; that he had no recollection of having signed for Hicks, and remembered none of the circumstances attending the transaction ; but be knew be would not have signed Hicks’ name unless he had beeffspeeially directed by Hicks to do so, because he was not iii the habit of doing such things. This witness further stated that if the defendant had directed him to sign his (the defendant’s) name to the^bond, he (the witness) should have done it, although the defendant might not have been present when he signed it. He further stated thaffhejdid not [recollect whether the defendant was present or not when he, the witness, signed his name, nor had he ever heard defendant speak of the transaction since. Witness repeated that he knew he had authority to sign defend *343 ant’s name, otherwise he would not have signed it, but he had no recollection of the circumstances.
Upon this evidence the circuit court let the bond go to the jury. Objections were made, and the point saved by bill of exceptions.
The plaintiff also read the order of the Jackson county court, approving of the bond of Youcherein taken in vacation before the clerk, with Russell Hicks, and Francis Chouteau as security.
As to the first point, we are of opinion that the section of our administration law, which prohibits an attorney at law from being taken as security upon an administration bond, is merely directory, and was not designed to avoid the obligation where the law has been disregarded.
The second point presents more difficulty. A deed is good, though signed by a third party in the name of the obligor, if done in his presence and by his direction. It is of no consequence that the obligor makes use of another man’s hand in the execution of the instrument. Rex. vs. Inhab. of Longan, 4 Bern & Adolph 647. If there be any evidence tending to show the execution of the instrument, it is proper for the court to submit it to the jury, and they alone are to decide upon the weight of the testimony. Swearengen was a competent witness in this case, and, indeed, the proper witness to testify. He does prove that he himself put the signature of defendant to the bond, and he believes that this was done by defendant’s authority. But unless this was done in the presence of the defendant, it was not his deed. Was there any evidence on this subject which would authorize the court to submit the deed to the jury ? Swearengen has no recollection of the circumstances, and does not know whether Hicks was present or not. He does not give any impression, even, on this point; but says that he would have signed Hick’s name as readily in his absence as in his presence, if he had been authorized by Hicks to do so. There is then a total absence of the slightest evidence on this point—not even the witness’ belief as to whether Hicks was present or not. If, then, this fact be one essential to the validity of the obligation, and there was no evidence whatever in relation to it, I cannot see how the court could suffer the deed to go to the jury. There are many cases, especially in the decisions in Pennsylvania, which go very far to sustain the position that, if there be very slight evidence of execution, the deed may be admitted; but I have not seen any case which would resemble the present. Had the slightest evidence been offered from which a jury might have inferred that Hicks was present when the witness signed his name, I should be in favor of affirming the judgment.
*344 Opinion of the court by
McBride, judge.
If the evidence of Swearengen was sufficient to authorize the introduction of the bond in evidence before the jury (and I think it was) then, whether the bond was executed by Hicks, became a question of fact for the finding of the jury ; and as the court was not called upon to lay down any legal rule to govern the jury in their finding, and the jury having found by their verdict that the bond was executed by Hicks? I am of opinion the judgment should be affirmed.
And judge Scott concurring, the judgment is affirmed.