Howard v. McDonough

---

NATHAN HOWARD, JR., *et al.*, Respondents, *against* JOHN McDONOUGH, A MARSHAL OF THE CITY OF NEW YORK. *et al.* Appellants.,

(Decided April 1st, 1878.)

In an action for the taking and conversion of a large number of articles, comprising the contents of a printing establishment, the superintendent of the establishment, who was called as a witness for the plaintiff to prove the articles taken, was *held* to be entitled, for the purpose of refreshing his memory, to use and read from a schedule of the property made by him immediately after the seizure, from the invoice book and bills of the plaintiffs, the witness swearing that each and every article contained in the schedule, except two which he specified, was in the plaintiff's printing establishment when the seizure was made:

*Held*, further, that it was proper to show by such witness—as affecting the question of damages—that the property taken was in the conducting of the plaintiff's business worth as much as new material, with a deduction off of ten per cent.

APPEAL from a judgment of this court, entered on the verdict of a jury.

The action was brought to recover damages for seizing and carrying away personal property belonging to the plain-

tiffs, consisting of a large number of articles used by them in carrying on a printing business.

On the trial the plaintiffs called as a witness one Stover, who had been superintendent of their printing establishment at the time of the taking of the property, to prove what was taken, and its value. This witness was allowed to refer to and read from a schedule made by him, as described in the complaint. The witness was also allowed against the objection and exception of the defendants to answer the following question:

"As to the business conducted there, and as these materials were there, what was their value to that business, as compared with new materials?" The witness answered that he should consider them worth as much as new material, with a little percentage off; that the percentage off he should calculate at ten per cent. in connection with the business.

*James Clark & J. H. McCarthy*, for appellants.

*Cooper & Roe*, for respondents.

CHARLES P. DALY, Chief Justice.—All that comes up on this appeal are certain exceptions taken as to the admission of evidence.

The schedule of the property taken was made by the witness. It was made immediately after the seizure. It was made, as it then necessarily had to be, from the invoice book and the bills; and being a memorandum made by the witness contemporaneously with the taking of the property, the witness was entitled to use it to refresh his memory as to a list of items which covers nine printed pages of the case, which no one could, ordinarily, keep in his memory, and could not specify under oath without the aid of such a schedule of the items as this, made immediately after the seizure of the property. But for the making, at the time, of such an enumeration of the very large number of small items, and the use of the written memorial by the witness when

called upon to prove what was taken, it would, in such a case, be impossible for a party to show what had been taken from him by the seizure.

I do not understand that the schedule was admitted in evidence to prove the items apart from the testimony of the witness. The witness swore that each and every article contained in that schedule, except two which he specified, were in the plaintiff's place of business when the marshal came, levied and took possession of the property; and where every item in the schedule has been thus distinctly proved, the schedule is receivable for reference, in connection with the witness' testimony, which is all the effect it had, or could possibly have, in this case. Being a memorandum made by the witness embracing a very large number of small items, with the price or value of each, consisting of the contents of a printing establishment, it could be received in evidence to show what was in the printing establishment when the contents of it were seized, having been honestly made from the invoices and bills immediately after the seizure; the witness being unable at the time to recollect the items, and the memorandum being then the only and very best means of ascertaining what was taken. (*Halsey* v. *Sinsebaugh*, 15 N.Y. 485; *McCormick* v. *The Penn. Central R. R. Co.*, 49 Id. 315.)

It was certainly competent to show that the property, which consisted of the contents of a printing establishment, was, in the conducting of the plaintiff's business, worth as much as new materials, with a deduction of 10 per cent., which was what the question objected to elicited. The measure of damages in such an action is a just indemnity to the party injured for the loss which is the natural, reasonable and proximate result of the act complained of. (*Baker* v. *Drake*, 51 N. Y. 211.) It is not what the property taken cost the injured party, nor the highest market value of it, but simply its value. (*Ormsby* v. *The Vermont Copper Mining Co.*, 56 N. Y. 623; *King* v. *Orser*, 4 Duer, 431.) And as the property here had been in use in a printing establishment, it was certainly competent in ascertaining

its value to show that with a deduction of ten per cent. it was equal in value to new material of the same kind.

The judgment should be affirmed.

JOSEPH F. DALY, J., concurred.*

---

· The judgment here was affirmed by the Court of Appeals, April 9th, 1879.