## COFFEY v. LYONS.

*(Common Pleas of New York City and County, General Term. June 2, 1890.)*

1. EVIDENCE—COMPETENCY.
   In an action for work and materials, an itemized bill, which plaintiff testifies was made within a month of the transaction, and delivered to defendant, years before, and the items in which are not disputed, is admissible to show when the work was done, over an objection that it is incompetent, irrelevant, and immaterial, where defendant pleads the statute of limitations, though it would have been incompetent had the items been disputed.

2. APPEAL—REVIEW—HARMLESS ERROR.
   Where certain facts are admitted by the answer, the admission of incompetent evidence to establish them is not prejudicial.

Appeal from city court, general term.

Action by Thomas Coffey against Jeremiah C. Lyons. Judgment for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Doherty, Durnin & Hendrick*, for appellant. *Anson Beebe Stewart*, for respondent.

BOOKSTAVER, J. The general term of the city court having passed upon the questions of fact, they are not reviewable by this court. *Bell* v. *Bartholomew*, 12 Wkly. Dig. 33. The complaint was for materials sold and delivered to defendant, and for work done for him, between January and February 23, 1884. The answer denies that the materials were furnished or the work done at the time alleged in the complaint, and also sets up the statute of limitations, and pleads payment; thus admitting the sale and delivery of the goods and their value, as well as the value of the services rendered. Notwithstanding these admissions, the plaintiff on the trial undertook to prove the items of his claim, but could not, without looking at a bill which he presented to the defendant years before. This was objected to by defendant on the ground that the paper was not the best evidence, not being a copy from the books, as he claimed. But plaintiff testified that it had been made within a month of the transaction. After looking at the paper, the witness testified to the items, apparently from recollection; at least, the defendant did not object to the answer, because he read from it. We think the case falls within the rules laid down in this court in *Howard* v. *McDonough*, 8 Daly, 365, affirmed by the court of appeals, 77 N. Y. 592. But, even if it did not, it could not have injured the defendant by any possibility, because the facts thus sought to be established had been already admitted by the defendant in his answer.

Subsequently the witness testified that the bill was in his handwriting, and had been made about a month after the work had been finished, and that it was delivered to the defendant. But he did not testify as to its correctness, nor that it was a true copy from his books; nor did he testify that he could not remember the items after refreshing his memory by looking at it. It was subsequently offered and received in evidence, under the general objection made by the defendant that it was incompetent, immaterial, and irrelevant. This objection would have been good had the items contained in the bill been disputed, but, as before shown, they were not, and the only value of the paper as proof was the date which it bore. Plaintiff had sworn that the identical paper had been delivered to defendant years before, and it was certainly material, as bearing on the statute of limitations, to establish the date when the work was done, and we think was competent for that purpose, and that only. There was therefore no error in admitting it in evidence in this case.

These being the only questions of law presented to us either by the brief or oral argument of counsel, the judgment should be affirmed, with costs.