Argued December 7, 1897; decided January 10, 1898.

## DAVIS *v.* EMMONS.

[ 51 Pac. 652. ]

CUMULATIVE EVIDENCE— TRIAL.—Where the pleadings admit the sale and delivery of goods to defendant, it will be presumed that they were charged to him on the books of the seller; and there is no error in the admission of said books as evidence to corroborate the presumption.

DEPOSITIONS —WAIVER OF OBJECTION TO FORM.—An objection to the form of an interrogatory in a deposition must be made when the question is propounded, under section 827, Hill's Ann. Laws, and cannot be first urged when the deposition is offered in evidence.

PRESUMPTION OF REGULARITY OF DEPOSITION.— If the bill of exceptions does not contain all of a deposition it will be presumed that the provisions of the statute, sections 816, 817 and 818, Hill's Ann. Laws, were complied with before the commission issued.

PRESUMPTION OF ADMISSIBILITY OF EVIDENCE.—Where the bill of exceptions does not contain a copy of an account to the admission of which as evidence objection was made, it will be presumed that the evidence was admissible.

APPEAL AND ERROR.— The refusal of the court to strike from a deposition an answer to which a receipt was attached is not error where the giving of a receipt is admitted by the defendant, and the one referred to in the answer is not included in the bill of exceptions.

TRIAL— ORDER OF PROOF— DISCRETION.— The order of proof in the trial of a cause is a matter resting in the sound discretion of the court, reviewable only for abuse.

FAILURE TO ASK PEREMPTORY INSTRUCTION.—A defendant who fails to ask for a peremptory instruction cannot, on appeal, urge the insufficiency of plaintiff's evidence.

From Multnomah: HENRY E. McGINN, Judge.

For appellant there was a brief over the name of *Emmons & Emmons*, with an oral argument by *Mr. William A. Williams*.

For respondent there was a brief over the names of *Ernest E. Merges* and *John T. McKee*, with an oral argument by *Mr. Merges*.

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is an action by M. M. Davis, as assignee of the Coast Carriage & Wagon Company, an insolvent corporation, to recover from H. H. Emmons the sum of $335.75, alleged to be the agreed price of certain merchandise sold and delivered to defendant, and repairs made to his buggy. The answer admits that the goods were so sold and delivered, and the repairs so made, but denies that the price to be paid therefor was agreed upon, and avers that the reasonable value thereof was only $250.25. The defendant also alleges that at the time the sales were consummated and the repairs made, A. C. Emmons, R. W. Emmons and himself were partners, engaged in the practice of law under the firm name of Emmons & Emmons; that prior to said sales and repairs said firm performed service for the Coast Carriage & Wagon Company, for which a charge of $3,000 was made; but upon a settlement with the latter, in which the value of said goods and repairs was deducted from the charge finally agreed upon for such service, there was found to be due the sum of $2,000, which the corporation thereafter fully paid. The reply having put in issue the allegations of new matter contained in the answer, a trial was had, resulting in a verdict and judgment in favor of plaintiff for $250.25, and defendant appeals.

It is contended by counsel for defendant that the court erred in permitting the books of the Coast Carriage & Wagon Company to be offered in evidence. It appears that at the trial plaintiff called one C. H. Gleim as a witness, who testified, in substance, that he

was the bookkeeper of said corporation; that upon defendant's order the merchandise in question was sold and delivered to him, and the repairs made upon his buggy; that the firm of Emmons & Emmons never, to his knowledge, received any goods from the corporation; that the goods so delivered and the repairs so made were charged to the account of H. H. Emmons; and that the goods which were obtained from the corporation by A. C. Emmons were charged to the latter. The answers of this witness in relation to the persons against whom the charges were made having been given over defendant's objection, he moved to strike them out, contending that the books of the corporation afforded the best evidence of the transaction; whereupon the court, over defendant's objection, permitted said books to be offered in evidence, as a circumstance tending to show to whom the credit was originally given. It will be observed that defendant admitted the sales and repairs to have been made to and for him, but alleges that the account was adjusted in the settlement which was effected between plaintiff's assignor and Emmons & Emmons. This being so, it was immaterial to whom the corporation gave the credit for the value of the goods sold and the repairs made, as the account therefor would form a valuable consideration *pro tanto* for the settlement. "The admission of a fact in a pleading," says Judge Elliott in his work on Appellate Procedure, section 627, "is an implied invitation authorizing an assumption that evidence of the admitted fact is unnecessary." The rule is also well settled that if evidence be admitted to prove a fact which the pleadings admit, no prejudicial

error is thereby committed: *Williams* v. *Guile*, 46 Hun, 645; *Coffey* v. *Lyons* (Common Pleas), 10 N. Y. Supp. 317; *Consaul* v. *Sheldon*, 35 Neb. 247 (52 N. W. 1104); *Lumber Company* v. *Newkirk*, 80 Cal. 275 (22 Pac. 231). When goods are sold to a person, the law presumes that he will pay for them upon their delivery: Lawson on Presumptive Evidence, 68. In the case at bar, the goods having been sold and delivered to defendant, it must be presumed, under the foregoing rule, that the account therefor was charged to him; and, such being the case, he cannot have been injured by the admission of cumulative evidence which tended to corroborate the presumption.

It is insisted that the court erred in permitting plaintiff to offer in evidence, over defendant's objection and exception, certain interrogatories, and the answers thereto, contained in the deposition of one Charles T. Brace, taken out of the state, for the reason that the questions are leading and suggest the answers given. The statute, in general terms, authorizes the deposition of a witness out of the state to be taken by commission, issued by the clerk, upon the application of either party, upon five days' previous notice, and provides that such interrogatories, direct and cross, as the respective parties may prepare, to be settled by the clerk in a summary manner as to the form thereof, if the parties disagree, may be annexed to the commission: Hill's Ann. Laws, §§ 816, 818. It is stated in the bill of exceptions that "there were no cross-interrogatories propounded," and from this recital it is insisted by counsel for plaintiff that, while the interrogatories objected to may be subject to the criti-

cism urged, defendant waived every objection to the form thereof, and tacitly consented to their annexation to the commission. In the absence of any statute upon the subject, the rule is universal that an objection to the form of an interrogatory to be annexed to a commission to take testimony must be made when the question is propounded; and, if not taken at that time, it will be too late to urge such objection when the deposition is offered in evidence: 5 Am. & Eng. Enc. Law (1st Ed.), 612: *Rowe* v. *Godfrey*, 16 Me. 128; *Brown* v. *Foss*, 16 Me. 257; *Walsh* v. *Agnew*, 12 Mo. 343; *Chambers* v. *Hunt*, 22 N. J. Law, 552. Our statute has adopted this rule, and provides that a deposition taken pursuant to its provisions may be used by either party upon the trial against a party receiving notice of an application for a commission to take the same, subject to all legal exceptions. "But no objections can be made at the trial to the relevancy of the testimony or the form of the interrogatory, unless the same appear by the deposition or written interrogatories to have been taken at the time of the examination or the settling of such interrogatories": Hill's Ann. Laws, § 827.

The bill of exceptions does not purport to contain the whole deposition, in the absence of which it must be presumed that the provisions of the statute were complied with before the commission issued, and that defendant had due notice thereof; and, as no objections to the form of the interrogatories are noted thereon, he was precluded from insisting at the trial that they were misleading or suggestive.

Defendant also moved to strike out the following

answer to interrogatory No. 5 of said deposition, to-wit: "The goods, wares and merchandise referred to in my answer to Int. No. 4 are fully described and set forth, together with the price of said goods, wares and merchandise, in the copy of the account taken from my books, as said trustee, hereto attached and marked 'Ex. A'; and said goods, wares and merchandise were to be paid for on presentation of the account." This objection was based upon the ground that the books furnished the best evidence of the fact stated, and that the copy of the account so attached to the deposition was inadmissible in evidence, without first showing the loss of said books, or presenting some reason that would excuse the witness from producing them. The bill of exceptions does not purport to contain the copy of the account, in view of which it must be presumed that the evidence was admissible. There was no controversy, however, as to the identity of the goods, wares and merchandise so sold and delivered, and hence the description thereof in the copy of the account must be deemed correct, and the failure to describe them more particularly in the answer immaterial.

It is also maintained that the court erred in failing to strike out the answer to interrogatory No. 7, which is as follows: "The account set forth in my answer to Int. No. 5 was not included or considered in any manner in said settlement, the final agreement for which was contained in a letter from me to the Ten Broeck Collection Agency or G. H. Ten Broeck, the authorized agents or attorneys of said Emmons & Emmons, and agreed to by them, which said letter is

not in my possession. The receipt is hereto attached and marked 'Ex. B.'" The bill of exceptions does not purport to contain this latter exhibit, but, as it is alleged in the answer that this witness paid $2,000 in the settlement of the Emmons & Emmons account, it must be presumed that this was the amount so paid by him. At least, if it were otherwise, or included the account so charged to defendant, he would have incorporated it in the record; but, not having done so, no error can be predicated upon the court's failure to strike out the answer complained of.

It is contended that the court erred in permitting plaintiff, over defendant's objection, to reopen the case, after he had rested, and to call Judge Raleigh Stott as a witness to prove the original cause of action. The order of proof at the trial of a cause is a matter regulated by the sound discretion of the trial court (Hill's Ann. Laws, § 196, subd. 3, and section 830), and, like all other questions of that character, will not be reviewed except for an abuse thereof, which is not apparent in the case at bar.

It is also contended that there was no evidence offered at the trial that tended to disprove the settlement and payment of the claim, as testified to by defendant's witnesses; but as the court was not requested to instruct the jury to find for the defendant, on account of the failure of evidence, he is not in a position to urge the error of which he complains. There being no prejudicial error in the record, the judgment is affirmed.

　　　　　　　　　　　　　　　Affirmed.