Submitted on briefs January 24, affirmed February 7, 1928.

JOHN TRYON v. GEORGE F. PALMER, TRUSTEE,

ET AL.

(263 Pac. 890.)

**Trial—Refusal to Reopen Case to Take Testimony for Defendant, Which Would not have Changed Result, Held not Abuse of Discretion.**

1. In suit to foreclose mortgage, Circuit Court did not abuse its discretion in denying defendant privilege of reopening case to take additional testimony of witnesses which was only competent for purpose of impeaching character and reputation of one

of other defendants, and, if given as defendant believed, would not have changed result.

**Husband and Wife—Wife Induced by Husband's Fraud to Sign Security Deed is Bound Thereby, Where Grantee Seeking Foreclosure is not shown to be Connected With Fraud.**

2. Wife signing security deed is bound thereby, notwithstanding her signature was procured by husband's fraud, where no charge is made that lender and grantee seeking foreclosure participated in, or knew of, such fraud.

**Mortgages—Abandonment of Deeds Given as Additional Security to Operate as Release in Action to Foreclose Mortgage and Deed Should have Been Pleaded.**

3. In suit to foreclose mortgage and deed, where one of defendants asserted that plaintiff in foreclosure had released other deeds given as security for same loan thereby releasing mortgage, *held*, that in order that defense be available, it should have been pleaded.

**Appeal and Error—Where Doubt Exists as to Whether Court's Finding is Supported by Preponderance of Evidence, Finding of Trial Court will be Deferred to.**

4. Where there is doubt as to whether finding of court for plaintiff is supported by great preponderance of evidence, ability, learning and long experience of judge presiding at trial would justify affirming decree because of advantage he had in hearing, observing and seeing witnesses while giving their testimony.

Appeal and Error, 4 **C. J.**, p. 820, n. 22, p. 887, n. 60.
Mortgages, 41 **C. J.**, p. 433, n. 22; 42 **C. J.**, p. 90, n. 74.
Principal and Surety, 32 **Cyc.**, p. 130, n. 31, p. 149, n. 17.
Trial, 38 **Cyc.**, p. 1365, n. 95.

From Lane: JAMES W. HAMILTON, Judge.

In Banc.

This suit was instituted to foreclose a mortgage and a deed delivered and received for security, both said mortgage and deed covering the same real property. The defendant Mabel C. Hinkson, only, contested the demands of plaintiff, the other defendants having defaulted. Said defendant Mabel C. Hinkson is the appellant. She purchased the land described in said deed and mortgage subject to the mortgage. Later her husband borrowed from plaintiff the sum of

2. See 13 **R. C. L.** 1316.
4. See 2 **R. C. L.** 202.

$4,000 and the deed was executed by appellant and her then husband, A. H. Hinkson, as security for said $4,000. Appellant claims that the deed was executed by her with the understanding, based upon representations made to her by her then husband, that the mortgage debt would be paid out of said $4,000. There is no testimony or pretense that plaintiff made any such representations or knew of such representations having been made by defendant A. H. Hinkson. Plaintiff was in possession of the premises involved since 1913 and received the rents therefrom. The contention of the defendant Mabel C. Hinkson is that plaintiff had received from the rents of said premises sufficient to have paid the mortgage and that she was not liable for the $4,000 borrowed by her then husband from plaintiff.

Since the purchase of said land by defendant Mabel C. Hinkson, she and her husband have been divorced. There had been, for a number of years and was also at the time the evidence was taken herein, very bitter feelings between the defendants Hinkson. Defendant A. H. Hinkson was subpoenaed by plaintiff but failed to appear at the time set for the trial. Later, upon motion of plaintiff, the case was opened and the testimony of defendant A. H. Hinkson taken. The court then permitted defendant-appellant to testify in relation to the matters testified to by defendant A. H. Hinkson. Defendant-appellant also moved to permit her to take the testimony of a number of witnesses in Portland. This motion was based upon her affidavit and the affidavit of her attorney in Portland. The court denied the motion and error is assigned thereon.

Appellant also predicates error on the failure of the court to find that she was exonerated from liabil-

ity because plaintiff had released other security taken for the loan of $4,000 to the defendant A. H. Hinkson. The other errors assigned are based on the findings of the court in favor of the plaintiff and against appellant.

Since the appeal was taken George F. Palmer was substituted for the appellant Mabel C. Hinkson.

AFFIRMED.

For appellant Mabel C. Hinkson there was a brief over the name of *Mr. C. A. Hardy.*

For respondent there was a brief over the name of *Messrs. Potter, Foster & Immel.*

COSHOW, J.—1. The Circuit Court did not abuse its discretion in denying appellant the privilege of reopening the case to take testimony of the witnesses in Portland. The testimony of those witnesses was not competent except for the purpose of impeaching the general character and reputation of defendant A. H. Hinkson. The judge who presided at the trial had the benefit of seeing, hearing and observing the manner of the witnesses as they gave their testimony. Whether or not the case should be opened after it has been closed and additional testimony taken is in the discretion of the trial court: *Riverside Cement Co.* v. *Masson,* 69 Or. 502 (139 Pac. 723, Ann. Cas. 1916A, 127). If all of the witnesses named in the affidavit of appellant whose testimony she desired to take had testified as she believed they would testify, their testimony would not, in our opinion, have changed the result. We do not believe the testimony of defendant A. H. Hinkson strengthened plaintiff's case.

2, 3. Appellant admits that she signed the deed executed and delivered for the purpose of securing the

sum of $4,000 borrowed from plaintiff by defendant A. H. Hinkson. She does not adduce any testimony that tends to connect plaintiff with any fraud, either in loaning the money or procuring the deed. Granting that her then husband, defendant A. H. Hinkson, misrepresented the facts to her and in that manner secured her signature and acknowledgment to the deed, she is still bound by the deed, unless she had gone further and proved that plaintiff was guilty of defrauding her in that regard. We have been unable to find any testimony that tends to show that plaintiff knew anything about any misrepresentations made by defendant A. H. Hinkson to appellant. There is no attempt to dispute the loaning of the full sum of $4,000 by plaintiff to defendant A. H. Hinkson. Plaintiff's assignor took a warranty deed from defendants Hinkson covenanting against encumbrances. At the time said deed was delivered the premises described therein were encumbered with a mortgage to secure the principal sum of $1,800. Plaintiff did not discover the mortgage until some time after he had accepted the deed. After discovering that the premises involved in this litigation were encumbered with a mortgage to secure the sum of $1,800, plaintiff's assignor sought to have said mortgage indebtedness paid by the plaintiff A. H. Hinkson and succeeded in getting $1,000 paid thereon. Plaintiff's assignor also secured from defendants Hinkson three deeds for separate tracts of land as additional security. These tracts were supposed to be owned by said A. H. Hinkson. It developed that said defendant A. H. Hinkson either did not have title to the land covered by the last three mentioned deeds or that his title thereto was encumbered with judgments and other liens so that the said three deeds were not in fact or

in truth security for any sum whatever. For that reason plaintiff abandoned all claim to them. It is claimed by appellant that by reason of abandoning his claim to said three separate tracts he thereby released appellant whose twenty-acre tract of land was security for the loan to defendant A. H. Hinkson. Appellant is not entitled to avail herself of that defense because she has not pleaded it. Her answer in that regard is that plaintiff received the three separate tracts aforesaid and still retained them and for that reason it was not equitable for him to foreclose against plaintiff's twenty-acre tract. In order to avail herself of the defense that her land was released from the lien of the deed she should have pleaded it: 32 Cyc. 149; *Gray* v. *Holland,* 9 Or. 512.

Plaintiff did not demand a personal judgment against appellant. The court did not render a personal judgment against her. She admits that she executed the deed as security. Her contention is that it was for the purpose of releasing the mortgage for $1,800, which was against the premises when she purchased them. Her belief in this regard was not communicated to plaintiff's assignor. Nothing is demanded of appellant by plaintiff or required of her by the decree, except by virtue of the deed which she admits to have executed.

4. We believe that the testimony, by a great preponderance, favors the plaintiff. If there was doubt as to that, however, the ability, learning and long experience of the judge presiding at the trial would justify affirming the decree because of the advantage he had in hearing, observing and seeing the witnesses while giving their testimony.

We find no error and the decree is affirmed. Neither party will recover costs.          AFFIRMED.