Argued March 18, affirmed March 31, reconsideration denied
May 7, petition for review denied May 28, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF

TULL (No. 28461), *Respondent, and*
TULL, *Appellant.*

533 P2d 376

*Hattie Bratzel Kremen,* Salem, argued the cause for appellant. With her on the brief was Craig R. Rockwell, Salem.

*S. David Eves,* Corvallis, argued the cause for respondent. On the brief were Ringo, Walton & Eves, Corvallis.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

Appellant-husband appeals from that portion of a decree of dissolution whereby the custody of the two minor boys, aged seven and eight, was awarded to the mother, respondent herein.

At the time of the filing of the petition, the parents lived in Corvallis and both were employed. The court, following a lengthy hearing, first awarded custody *pendente lite* in January to the mother. Thereafter, the mother, in March, secured a better job with her employer which required a transfer to the Portland area. Because the children were in school at this time, the court held a second lengthy *pendente lite* hearing and placed the custody for the remainder of the school year with the father, who remained in Corvallis. Trial

on the merits was held after the completion of the school year and the final order was entered prior to the beginning of the following school year and, as stated, awarded custody to the mother, effective August 30.

In its memorandum opinion the court concluded that both parents were substantially equal in fitness and ability to care for the children and that each of them "have a great deal of love and affection for the children."

The testimony established that since both parents were working, during their respective hours of employment the children, when not in school, would be under the care of someone other than the custodial parent.

■ Both parents and several witnesses at the trial in July, as well as at each *pendente lite* hearing, testified at length. In a case such as this, although our review is de novo (ORS 19.125(3)), the decision of the trial judge who saw these witnesses, including particularly the parents, and heard them testify on three different occasions over a six-month period, is, with respect to matters of credibility and inferences reasonably based thereon relating to the best interests of the children, accorded substantial weight. *Omlie v. Hunt*, 211 Or 472, 316 P2d 528 (1957); *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

■■ As is true in all such custody matters, the court retains a continuing jurisdiction upon a proper showing to modify custodial orders. ORS 107.135(1)(a). We conclude that the trial court order awarding custody of the two boys to the mother is correct.

■ Appellant also contends that the trial court abused its discretion by refusing his request, after the decision, to reopen the case and to interview the children as to their preference. It is elementary that the trial court has wide discretion in determining whether or not to reopen a case. In *Tryon v. Palmer,* 123 Or 661, 664, 263 P 890 (1928), a suit in equity, the court said:

> "The Circuit Court did not abuse its discretion in denying appellant the privilege of reopening the case to take testimony of the witnesses in Portland. The testimony of those witnesses was not competent except for the purpose of impeaching the general character and reputation of defendant * * *. The judge who presided at the trial had the benefit of seeing, hearing and observing the manner of the witnesses as they gave their testimony. Whether or not the case should be opened after it has been closed and additional testimony taken is in the discretion of the trial court: *Riverside Cement Co. v. Masson,* 69 Or. 502 (139 Pac. 723, Ann. Cas. 1916A, 127).* * *"

*See also:* ORS 17.205(2) ; *Davis v. Emmons,* 32 Or 389, 395, 51 P 652 (1898).

■ Here neither boy was called as a witness by the father during trial. It is clear that under such circumstances the court did not abuse its discretion in refusing to reopen the case.

In its opinion the court emphasized the importance to the children of the father having, and in its decree granted to him, reasonable visitation rights, and expressly reserved the right if difficulties arose to "set specific visitation times on the written request of either party.

Affirmed.