Argued March 18, affirmed March 31, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
WIESE (No. 41039), *Appellant, and*
WIESE, *Respondent.*
533 P2d 378

*James C. Farrell,* Roseburg, argued the cause for

appellant. With him on the brief were Farrell & Spence, Roseburg.

*Gordon G. Carlson,* Roseburg, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

On January 11, 1974, the court entered an order dissolving the marriage of the parties, awarding custody of the son, aged 10, to the father, and approving the written property settlement agreement entered into by the parties and making the same a part of its decree.

Paragraph No. 1 of that agreement provided:

"Both parties acknowledge that their primary concern and interest is the welfare of their minor child, to-wit: DEREK RAYMOND WIESE, born May 8, 1963, and desire insofar as they may, to provide for his care, custody and control by this agreement. It is understood and agreed between them that it is for the best interest of said minor child, that the care, custody and control be awarded to husband, subject to visitation rights by the wife as follows: At reasonable times and intervals including but not necessarily limited to, alternate weekends of each month; alternate vacations commencing with Thanksgiving vacation 1975, Christmas vacation 1974, and Spring vacation 1974. During summer vacation Wife is to have said child for two months. During the two summer months, Husband shall pay to Wife the sum of $100.00 for each month, for the care and maintenance of said child. Husband further agrees that if he should move from the Roseburg area, that he will be responsible for

transporting said minor child to and from the residence of Wife for visitation purposes. Wife agrees that she will give Husband advance and sufficient notice for each visitation, so that he will not be making unnecessary trips or expenditures."

No appeal was taken by either party from that decree.

On September 9, 1974, pursuant to the mother's motion and affidavit, the court issued an order requiring the father to appear "and show cause, if any, why he should not be restrained from moving the place of residence of the minor child of the parties outside the State of Oregon."

Following that hearing the court did enter such an order.[1] The father appeals, contending there was insufficient showing of a change of circumstances to support it.

■ We disagree. At the hearing there was oral evidence that the father in the months following the decree had given serious consideration to, and declared an intention of, moving with the son to Australia. He denied this was a serious contention. Credibility of the witnesses was the major element in the determination of the fact question. Thus we give substantial weight to the conclusion of the trial judge. *Tull and Tull*, 20 Or App 701, 533 P2d 376 (1975); *Omlie v. Hunt*, 211 Or 472, 316 P2d 528 (1957); *Hannan v. Good*

---

[1] In its opinion from the bench, the court stated the basis and effect of its order clearly and succinctly:

"This is not to say that in the event that the petitioner is transferred, that the Court would hesitate to permit the child to go with the custodial parent; but, at that time, you see, the custodial arrangements and the visitation arrangements could all be reviewed in the best interests of the child under those circumstances.

"It may well be that a three-month visitation in the summer would be justified. It could be that a change of custody

*Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

■■ It is clear from the provision of the decree set forth above that the right and conditions surrounding effective visitation with the mother were of primary concern both to the court and to the parties. The court not only had the right but the duty upon the evidence to require, as it did here, that prior to removal of the child from the state it be given the opportunity to enter such order then found by it to be appropriate to enable the effective exercise of the mother's visitation rights.[2] Visitation rights in our view constitute an integral part of an order of custody within the meaning of that term in ORS 107.135(1)(a) and (b).

The order appealed from is affirmed.

_____

would be justified in the event of a transfer to some distant point, but those are matters that should be and should remain within the purview of the Court, always with the best interests of the child in mind."

[2] We note also that at the oral argument in this court, counsel for the father frankly and properly advised this court that it was now the intention of the father, an employe of the Veterans Administration, to move to Wyoming with the boy, pursuant to a new job assignment by that agency.